**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| DEQUENTIN WEBBER | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | Case No. 18-cv-04681 |
| v. | ) | |
| | ) | |
| THE RECEIVABLE MANAGEMENT | ) | |
| SERVICE CORPORATION, | ) | |
| | ) | <u>Jury Demanded</u> |
| *Defendant.* | ) | |

<u>**COMPLAINT**</u>

Plaintiff, Dequentin Webber, on behalf of himself and a putative class, brings this action

under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692g ("FDCPA"), and alleges:

<u>**JURISDICTION AND VENUE**</u>

1.      This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA and 28 U.S.C. §

1331.

2.      Venue is proper in this District because parts of the acts and transactions occurred

here and Defendant transacts substantial business here.

<u>**STANDING**</u>

3.      Defendant sent Plaintiff a collection letter failing to identify the current creditor to

which the alleged debt was owed, as required by federal law.

4.      Defendant further engaged in unconscionable conduct in connection with the

attempt to collect a debt.

5.      Plaintiff has thus suffered an injury as a result of Defendant's conduct, giving rise

to standing before this Court. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1544 (2016), quoting

*Lujan v. Defenders of Wildlife*, 504 U.S. 555, 580 (1992) (Congress has the power to define

1

injuries and articulate chains of causation that will give rise to a case or controversy where none existed before.); *Bellwood v. Dwivedi*, 895 F. 2d 1521, 1526-27 (7th Cir. 1990) ("Congress can create new substantive rights, such as a right to be free from misrepresentations, and if that right is invaded the holder of the right can sue without running afoul of Article III, even if he incurs no other injury[.]").

### PARTIES

6.      Plaintiff, Dequentin Webber, ("Plaintiff") is a resident of the State of Illinois, from who Defendant attempted to collect a delinquent consumer debt allegedly owed for a defaulted car insurance account. Plaintiff is thus a "consumer" as that term is defined in 15 U.S.C. § 1692a(3) of the FDCPA.

7.      Defendant, The Receivable Management Services Corporation ("RMS") is a Delaware corporation that does or transacts business in Illinois. Its registered to do business in Illinois. Its registered agent and office is CT Corporation System, located at 208 South LaSalle St., Suite 814, Chicago, Illinois 60604. (Exhibit A)

8.      RMS is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

9.      RMS regularly collects or attempts to collect defaulted consumer debts due or asserted to be due another, and is a "debt collector" as defined in 15 U.S.C. § 1692a(6) of the FDCPA.

### FACTUAL ALLEGATIONS

10.      According to Defendant, Plaintiff incurred an alleged debt for goods and services used for personal family or household purposes, originally for a car insurance bill for a personal

automobile ("alleged debt"). The alleged debt is thus a "debt" as that term is defined at §

1692a(6) of the FDCPA.

11.     Due to his financial circumstances, Plaintiff could not pay any debts and the

alleged debt went into default.

12.     RMS subsequently began collecting the alleged debt.

13.     On or about June 6, 2018, RMS sent a collection letter ("Letter") to Plaintiff

regarding the alleged debt. (Exhibit B, Collection Letter).

14.     The Letter conveyed information regarding the alleged debt, including an account

number and alleged amount due.

15.     The Letter was thus a "communication" as that term is defined at §1692a(2) of the

FDCPA.

16.     The Letter was RMS' initial communication with Plaintiff.

17.     The Letter contains letterhead and a signature line identifying the sender as

"R•M•S".

18.     The Letter states it is "Re: State Auto Insurance Co 1s"

19.     The Letter does not identify which of these companies is the current creditor to

whom the debt is owed.

20.     Further, there is no such entity as State Auto Insurance Co 1s registered in Illinois

or its purported home state of Ohio.

21.     A simple statement listing an existing company as the "current creditor" would

have sufficed to identify effectively the name of the creditor to whom the debt was then owed.

22.     15 U.S.C. § 1692g of the FDCPA provides as follows:

        **(a) Notice of debt; contents**

3

> **Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—**
>
> **. . . (2) the name of the creditor to whom the debt is owed. . . .**

23.     Defendant failed to properly state the name of a creditor to whom the debt is

owed in its initial communication with a consumer, in violation of 15 U.S.C. § 1692g(a)(2).

24.     On the back of the letter, is the following disclosure:

<u>NOTICE OF IMPORTANT RIGHTS</u>

NOTICE OF IMPORTANT RIGHTS. YOU HAVE THE RIGHT TO MAKE A WRITTEN OR ORAL REQUEST THAT TELEPHONE CALLS REGARDING YOUR DEBT NOT BE MADE TO YOU AT YOUR PLACE OF EMPLOYMENT. ANY SUCH ORAL REQUEST WILL BE VALID FOR ONLY TEN DAYS UNLESS YOU PROVIDE WRITTEN CONFIRMATION OF THE REQUEST POSTMARKED OR DELEIVERD WITHIN SEVEN DAYS OF SUCH REQUEST. YOU MAY TERMINATE THIS REQUEST BY WRITING TO THE DEBT COLLECTOR.

(Ex. C, Letter) (Emphasis in the Original)

25.     RMS regularly communicates this statement in bold, all caps formatting, with the

statement being set aside from other text in RMS' letters.

26.     RMS' statement and the format of its presentation to consumers is misleading

because it indicates the debt collector has the power to unilaterally consider a consumer's verbal

notice to cease contact at the consumer's place of employment invalid after ten days.

27.     Such an interpretation is a misstatement of federal law, which requires a debt

collector to cease communication at the consumer's place of employment if it has reason to

know the consumer's employer prohibits the consumer from receiving such communication.

*Horkey v. J.V.D.B. & Assocs., Inc.*, 333 F.3d 769, 772 (7th Cir. 2003) (ambiguous verbal

assertion enough to put debt collector on notice to cease contacting consumer at work under §

1692c(a)(3)).

28.     The language in Defendant's letter mirrors Massachusetts' supplemental

protections for consumers in Massachusetts found in 209 CMR 18.14.

29.     Of the state-specific disclosures, only the Massachusetts Disclosure is formatted

with uppercase letters and set under a separate heading called "Notice of Important Consumer

Rights." The other disclosures are neither in uppercase letters nor placed under the same heading.

There was also no explicit statement noting that the Massachusetts Disclosure applied only to

residents of the state of Massachusetts.

30.     15 U.S.C. § 1692e of the FDCPA provides as follows:

> **False or misleading representations**
>
> **A debt collector may not use any false, deceptive, or misleading representations or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**
>
> **. . . (5) The threat to take any action that cannot legally be taken or that is not intended to be taken. . .**
>
> **. . . (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer . . . .**

31.     RMS threatened to take an action that cannot legally be taken, and made a false

representation, in violation of 15 U.S.C. §§ 1692e, 1692e(5) and 1692e(10), when it stated a

consumer must provide a written confirmation to invoke his right not to be contacted at his place

of employment.

32.     The unsophisticated consumer could be misled to believe that the Massachusetts

Disclosure applies to all consumers, not just Massachusetts residents. *Ensminger v. Fair*

*Collections & Outsourcing, Inc.*, No. 2:16-CV-02173-CM-GEB, 2016 WL 6905882, at *2 (D.

Kan. Nov. 23, 2016); *Joslin v. Fair Collections & Outsourcing, Inc.*, No. 15-00723-CV-W-

DGK, 2016 WL 483117, at *2 (W.D. Mo. Feb. 5, 2016).

33.     On or about June 28, 2018, Defendant contacted Plaintiff by telephone.

34.     Plaintiff was connected to a collection agent employed by RMS.

35.     The agent conveyed information regarding the alleged debt, including an amount

due.

36.     The collection call was thus a "communication" as that term is defined at

§1692a(2) of the FDCPA.

37.     Plaintiff informed RMS that he was represented by counsel with respect to the

alleged debt.

38.     Plaintiff then attempted to provide his attorney's contact information so that he

would not be contacted again by RMS at home or work.

39.     Pursuant to §1692c(a)(2) of the FDCPA, a debt collector may not communicate

with a consumer it knows to be represented by an attorney *only* if it has knowledge of his

attorney's name and address.

40.     RMS refused to accept Plaintiff's attorney's name and address and then

disconnected the call.

41.     RMS did so to preserve its right to continue contacting Plaintiff directly.

42.     It is an unfair practice to prevent a consumer from exercising his right to be

represented by an attorney for a debt by declining to accept his attorney's contact information.

43.     Subsequent debt collectors would also have the right to contact a consumer if the

debt collector did not possess his attorney's contact information.

44.     Debts with "attorney rep" are worth far less on the secondary market than debts where the consumer is not represented by an attorney. In fact, often these debts are returned to the original owner if sold.

45.     15 U.S.C. § 1692f of the FDCPA provides as follows:

> **A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.**

46.     Defendant used unfair means to attempt to collect a debt, in violation of 15 U.S.C. § 1692f, when it prevented Plaintiff from invoking the protections afforded him by the FDCPA by refusing to accept his attorney's name and contact information.

47.     Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard. *See, e.g., Gammon v. GC Services, Ltd. Partnership*, 27 F.3d 1254, 1257 (7th Cir. 1994).

## CLASS ALLEGATIONS

48.     Plaintiff, Dequentin Webber, brings this action individually and on behalf of a class, described as (1) all persons similarly situated in the State of Illinois (2) from whom Defendant attempted to collect on a defaulted State Auto account (3) using a letter substantially similar to that of Exhibit B (4) sent between 1 year prior to the date of filing this Complaint to 21 days after (the "Class").

49.     Since Exhibit B is a form letter, the Class is likely to consist of more than 40 persons from whom Defendant attempted to collect a debt using the Collection Letter attached as Exhibit B.

50.     Plaintiff's claims are typical of the claims of the Class. Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class.

This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

51.     The prosecution of separate actions by individual members of the Classes would create a risk of inconsistent or varying adjudications with respect to individual members of the Class, and would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests.

52.     Plaintiff will fairly and adequately protect and represent the interests of the Class. The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, because Defendant's conduct was perpetrated on all members of the Class and will be established by common proof. Moreover, Plaintiff has retained counsel experienced in class action litigation including class actions brought under the FDCPA.

### COUNT I—FAIR DEBT COLLECTION PRACTICES ACT—INDIVIDUAL CLAIMS

53.     Plaintiff re-alleges the above paragraphs as if set forth fully in this count.

54.     RMS used unfair means to attempt to collect a debt, in violation of 15 U.S.C. § 1692f, when it prevented Plaintiff from invoking the protections afforded him by the FDCPA by refusing to accept his attorney's name and contact information.

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in favor of Plaintiff and against Defendant as follows:

A.     Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2);

B.     Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3);

C.     Such other or further relief as the Court deems proper.

## COUNT II—FAIR DEBT COLLECTION PRACTICES ACT—CLASS CLAIMS

55.     Plaintiff re-alleges the above paragraphs as if set forth fully in this count.

56.     RMS failed to properly state the name of a creditor to whom the debt is owed in its initial communication with a consumer, in violation of 15 U.S.C. § 1692g(a)(2).

57.     RMS threatened to take an action that cannot legally be taken, and made a false representation in violation of 15 U.S.C. §§ 1692e, 1692e(5) and 1692e(10), when it stated a consumer must provide a written confirmation to invoke his right not to be contacted at his place of employment

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in favor of Plaintiff and the class members and against Defendant as follows:

A.     Statutory damages for the class pursuant to 15 U.S.C. § 1692k(a)(2);

B.     Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3);

C.     Such other or further relief as the Court deems proper.

### JURY DEMAND

Plaintiff demands trial by jury.

By: s/Celetha C. Chatman
One of Plaintiff's Attorneys

Celetha Chatman
Michael Wood
**Community Lawyers Group. Ltd.**
73 W. Monroe Street, Suite 514
Chicago, IL 60603
Ph: (312)757-1880
Fx: (312)265-3227
cchatman@communitylawyersgroup.com