UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DEQUENTIN WEBBER, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No: 18-CV-04681 |
| THE RECEIVABLE MANAGEMENT SERVICE CORPORATION, | ) ) ) ) |
| Defendant. | ) ) |

**DEFENDANT'S MOTION TO DISMISS**

Defendant The Receivable Management Services LLC f/k/a The Receivable Management Services Corporation ("RMS"), by counsel, respectfully submits this Motion to Dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(6).

**INTRODUCTION**

After Plaintiff Dequentin Webber ("Plaintiff") failed to pay amounts due and owing to State Auto Insurance Co. ("State Auto"), his account was assigned to RMS for collection. RMS sent Plaintiff a letter explaining that a sum of $58.56 was still owed to State Auto. (Compl., Ex. B.) Despite the plain language of the letter, Plaintiff now alleges the letter failed to identify the current creditor. But even an unsophisticated consumer would clearly understand that the statement that State Auto "has reviewed their policy records which indicates that an outstanding amount is still owed to them" clearly identifies to whom the debt is owed.

The letter also included a number of state-specific disclosures required under the laws of state jurisdictions that have separately legislated debt collection practices. Plaintiff alleges that the unsophisticated consumer could be misled to believe that the

Massachusetts state-specific disclosure applies to him, a claim the Seventh Circuit has already dismissed as "fantastic conjecture." *White v. Goodman*, 200 F.3d 1016, 1020 (7th Cir. 2000). And finally, Plaintiff alleges that when, in the course of a telephone call, he informed RMS he was represented by counsel, RMS discontinued the call before he could provide his counsel's contact information, which he now alleges amounts to an "unfair collection practice" under Section 1692f of the FDCPA. But only in Plaintiff's topsy-turvy world could doing what is required by the FDCPA—ceasing further contact with Plaintiff (under Section 1692c(a)(2))—be alleged to be an unfair practice under Section 1692f. It is as brazen of a claim as it is meritless. Each of Plaintiff's claims fail and should be dismissed with prejudice.

## **THE ALLEGATIONS**

Plaintiff incurred and later defaulted on an auto insurance bill with State Auto and the account was placed with RMS for collection. (Compl., ¶¶ 10-12.) RMS sent Plaintiff a letter ("Letter") which noted the amount owed, provided a claim amount and claim number, and explained, among other things, that State Auto "has reviewed their policy records which indicates that an outstanding amount is still owed to them." (Compl., Ex. B.) The Letter also stated that there was additional "important information" on the reverse side. (*Id.*) The reverse side of the Letter explained that RMS "is required under state law to give you the following notices," but that the list "does not contain a complete list of the rights which consumers or commercial businesses have under state and federal law." The Letter then stated that the following notices "apply in the specified states," and listed state specific notices for California, Colorado, and Massachusetts. (*Id.*) Under the Massachusetts-specific notice, the following language appears:

NOTICE OF IMPORTANT RIGHTS

YOU HAVE THE RIGHT TO MAKE A WRITTEN OR ORAL REQUEST THAT TELEPHONE CALLS REGARDING YOUR DEBT NOT BE MADE TO YOU AT YOUR PLACE OF EMPLOYMENT. ANY SUCH ORAL REQUEST WILL BE VALID FOR ONLY TEN DAYS UNLESS YOU PROVIDE WRITTEN CONFIRMATION OF THE REQUEST POSTMARKED OR DELIVERED WITHIN SEVEN DAYS OF SUCH REQUEST. YOU MAY TERMINATE THIS REQUEST BY WRITING TO THE DEBT COLLECTOR.

(*Id.*) (the "Massachusetts Disclosure.")

Plaintiff also alleges that RMS contacted him by telephone on June 28, 2018, that Plaintiff informed RMS he was represented by counsel, and that RMS disconnected the call without taking down Plaintiff's attorney's name and address.

Based on these allegations, Plaintiff alleges RMS violated Sections 1692g(a)(2), 1692e, and 1692f of the FDCPA. Specifically, Plaintiff alleges that RMS violated Section 1692g(a)(2) because the letter purportedly did not identify the "current creditor" to whom the debt is owed. (Compl. ¶19.) Plaintiff alleges RMS violated various section of § 1692e by including the Massachusetts Disclosure because "the unsophisticated consumer could be misled to believe that the Massachusetts Disclosure applies to all consumers, not just Massachusetts residents," and that the Disclosure is a "misstatement of federal law" because it states a consumer "must provide a written confirmation to invoke his right not to be contacted at his place of employment." (Compl. ¶¶27-32.) Lastly, Plaintiff alleges that RMS violated Section 1692f of the FDCPA because, when it was told by Plaintiff he was represented by counsel, it discontinued the call and did not take Plaintiff's attorney's name and address, thereby purportedly "preventing" Plaintiff "from exercising his right to be

3

represented by an attorney." (Compl. ¶¶38, 40, 42.) Each of these claims fails and Plaintiff's Complaint should be dismissed with prejudice.

**ARGUMENT**

Rule 12(b)(6) motions test the legal sufficiency of a complaint. *Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). To survive a Rule 12(b)(6) motion to dismiss, a complaint must set forth enough facts to state a claim that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when its factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Twombly*, 550 U.S. at 555. "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678. With this heightened pleading standard, a complaint must do more than set forth "labels and conclusions." *Id*; *Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008) (allegations in the complaint must "actually *suggest* that the plaintiff has a right to relief, by providing allegations that raise a right to relief above a speculative level") (emphasis in original.)

**I.     Plaintiff's Claim Under Section 1692g(a)(2) Fails Because the Letter Discloses the Name of the Creditor.**

The primary purpose of the FDCPA is to "eliminate abusive debt collection practices by debt collectors." 15 U.S.C. § 1692e. In assessing Plaintiff's FDCPA claim the Court must view the claims through the eyes of the "unsophisticated consumer." *See Fields v. Wilber Law Firm, P.C.*, 383 F.3d 562, 564 (7th Cir. 2004). The Court must assume that the unsophisticated consumer may be "uninformed, naïve, or trusting, but is not a dimwit, has

4

rudimentary knowledge about the financial world and is capable of making logical deductions and inferences." *Lox v. CDA, Lt.*, 689 F.3d 818, 822 (7th Cir. 2012). The unsophisticated consumer is presumed to be "wise enough to read collection notices with added care, [and] possesses reasonable intelligence, and is capable of making basic logical deductions and inferences." *Pantoja v. Portfolio Recovery Assocs., LLC*, 852 F.3d 679, 686 (7th Cir. 2017). In other words, courts ask "whether a person of modest education and limited commercial savvy would be likely to be deceived" by the collection letter. *McMahon v. LVNV Funding, LLC*, 744 F.3d 1010, 1019 (7th Cir. 2014) (citation omitted).

The unsophisticated consumer standard is an objective one, and the Court must not entertain any bizarre, peculiar or idiosyncratic interpretations of collection letters. *See Durkin v. Equifax Check Serv., Inc.*, 406 F.3d 410, 414 (7th Cir. 2005). And statements or representations in a dunning letter cannot be deemed "confusing or misleading unless a significant fraction of the population would be similarly misled." *Pettit v. Retrieval Masters Creditors Bureau, Inc.*, 211 F.3d 1057, 1060 (7th Cir. 2000). In other words, courts ask "whether a person of modest education and limited commercial savvy would be likely to be deceived" by the collection letter. *McMahon v. LVNV Funding, LLC*, 744 F.3d 1010, 1019 (7th Cir. 2014) (citation omitted).

Plaintiff's FDCPA claims are meritless and typify the kind of objectively unreasonable interpretation of collection letters that courts have routinely rejected. Section 1692g(a)(2) requires that "within five days after the initial communication with a consumer in connection with the collection of any debt," the debt collector provide written notice of "the name of the creditor to whom the debt is owed." 15 U.S.C. 1692g(a)(2). That is precisely what the Letter did. The Letter states it is from RMS, but in the very first

sentence identifies State Auto as the creditor by explaining that State Auto "has reviewed their policy records which indicates that *an outstanding amount is still owed to them*." (Compl., Ex. B.) (emphasis added.)[1] The creditor is the one "to whom the debt is owed." 15 U.S.C. 1692g(a)(2). The Letter clearly and conspicuously explains that the debt is "still owed to" State Auto, thus satisfying the FDCPA. *See Chuway v. Nat'l Action Financial Services, Inc.*, 362 F.3d 944, 948 (7th Cir. 2004) (To satisfy § 1692g(a), the debt collector's notice must state the required information "clearly enough that the recipient is likely to understand it.")

This is not the case where there are various confusing references to multiple non-creditor entities within a letter (*Deschaine v. Nat'l Enter. Sys. Inc.*, 2013 WL 12121197, at *1 (N.D. Ill. Oct. 20, 2011)), or where the name of the creditor is hidden within the letter, but without saying the creditor is actually owed the debt (*Janetos v. Fulton, Friedman & Gullace*, 825 F.3d 317, 321-22 (7th Cir. 2016).) The Letter clearly identifies "to whom" the debt is owed and no fraction, much less a significant fraction, of even the most unsophisticated consumers, possessing "reasonable intelligence," *Pantoja* 852 F.3d at 686, would fail to understand that the debt is owed to State Auto. *See Zuniga v. Asset Recovery Solutions*, 2018 WL 1519162, at *4 (N.D. Ill. Mar. 28, 2018) (dismissing claim under 1692g(a)(2) because there were "no confusingly named non-creditors sprinkled about the letter to muddy the waters, and no opaque technical terms," and the letter clearly identified "to whom" the debt was owed). Indeed, courts expect the unsophisticated consumer to read a collection letter

---

[1] The Letter appears to contain a typographical error in the name of the creditor. State Auto Insurance Co. is listed as "State Auto Insurance Co 1s." The addition of "1s" to the name of the creditor obviously does not obscure who the creditor is or would otherwise preclude the unsophisticated consumer from knowing to whom the debt is owed, and thus the error is immaterial to Plaintiff's claims.

6

literally, but not interpret it bizarrely or idiosyncratically. *Gruber v. Creditors' Prot. Serv., Inc.*, 742 F. 3d 271, 274 (7th Cir. 2014).

While sometimes a question of fact, dismissal under Rule 12(b)(6) is appropriate where—like here—it is "apparent from a reading of the letter that not even a significant fraction of the population would be misled by it." *Zemeckis v. Glob. Credit & Collection Corp.*, 679 F.3d 632, 636 (7th Cir. 2012); *Boucher v. Fin. Sys. Of Green Bay, Inc.*, 880 F.3d 362, 366 (7th Cir. 2018) (If the representations in question "plainly, on their face, are not misleading or deceptive," the Court may dismiss the case based on its own determination without looking at extrinsic evidence). Plaintiff's claim under Section 1692g should be dismissed.

## II. Plaintiff's Claim Under Section 1692e Fails Because There Was No Threat Or False Representation.

Plaintiff also claims that by including the Massachusetts Disclosure, RMS misled him to believe that it "applies to all consumers, not just Massachusetts residents," and that the Disclosure is a misstatement of federal law. (Compl. ¶26-27, 32.) Plaintiff claims RMS violated Section 1692e of the FDCPA by including it. Plaintiff's claim fails.

Many states have enacted laws related to debt collection that co-exist alongside the FDCPA. Several states—including Massachusetts—require that debt collectors include a state-specific disclosure when communicating with consumers.[2] Indeed, it would be perverse and wholly beyond the intent of the FDCPA to conclude it is a violation of federal law to include a disclosure mandated by state law. And the FDCPA explicitly states that it "does not annul, alter, or affect, or exempt any person . . . from complying with the law of any [s]tate with respect to debt collection practices, except to the extent that those laws are

---

[2] *See, e.g.,* 209 Mass. Code Regs. 18:14(1)e.

7

inconsistent with [the FDCPA]." 15 U.S.C. §1692n. So it is not surprising that the Seventh Circuit, along with the vast majority of other courts that have addressed the inclusion of state-specific notices, have found that such notices do not violate the FDCPA because they would not mislead or deceive the unsophisticated consumer. *See, e.g., White v. Goodman*, 200 F.3d 1016, 1020 (7th Cir. 2000) (affirming dismissal of identical claim under the FDCPA). In *White*, the Seventh Circuit dismissed the contrary notion as "fantastic conjecture," noting that:

> [I]t is unlikely, to say the least, that recipients of such letters, unless they happen to be class action lawyers specializing in consumer finance litigation, have any idea of what specific federal or state rights they might have; so they have no benchmark against which to compare the rights that Colorado law confers. And far from implying that Coloradans have superior rights, the paragraph by its opening sentence makes clear that Colorado merely requires that the debt collector furnish Colorado residents with the specific information. The implication is not that such residents have more rights than residents of other states, but, at most, that they are less sophisticated and therefore need more information about their rights. Realistically, the only reaction of a Colorado nonresident to the paragraph would be that it had nothing to do with him.
>
> Any document can be misread. The Act is not violated by a dunning letter that is susceptible of an ingenious misreading, for then every dunning letter would violate it. The Act protects the unsophisticated debtor, but not the irrational one.

*Id*. (Posner, J.) *See also Pimentel v. Nationwide Credit, Inc.*, 2017 WL 5633310, at *4 (S.D. Fla. Nov. 13, 2017) (granting motion to dismiss identical claim); *Jackson v. Immediate Credit Recovery, Inc.*, 2006 WL 3453180, at *4 (E.D.N.Y. Nov. 28, 2016) (same); *Velez v. Continental Service Group, Inc.*, 2018 WL 1621625 (M.D. Pa. Apr. 4, 2018) (same); *Krieger v. Financial Recovery Svcs., Inc.*, No. 16-cv-1132 (E.D.N.Y. July 7, 2016)(same).

In *Krieger*, Plaintiff argued, like Webber here, that because of its uppercase and prominent lettering, the unsophisticated consumer might think the Massachusetts

8

Disclosure applies to all consumers, and that the Disclosure is contrary to federal law because it appears to narrow the protection afforded consumers by the FDCPA. *Id*. at 5-6. The court disagreed, explaining that the Disclosure is included in a list of state-specific disclosures and is preceded—like the Disclosure in this case—by the statement that the list does not contain a complete list of the rights consumers have under state or federal law. *Id*. (concluding that "not even the least sophisticated consumer could have been misled by the inclusion of the Massachusetts Notification").

Plaintiff's argument that including the Massachusetts Disclosure is false or misleading should be rejected. First, contrary to Plaintiff's conclusory allegations, the Disclosure is formatted in such a way that it is clear it is one of the state-specific disclosures and applies to Massachusetts residents. And the Disclosure is preceded by the statement that RMS is "required under state law to give you the following notices." (Compl., Ex. B.) The allegation that including the Disclosure is confusing or misleading is precisely the kind of unreasonable interpretation based on "fantastic conjecture" that the Seventh Circuit has routinely rejected.

And to the extent Plaintiff argues that the Disclosure violates the FDCPA because it is contrary to, or appears to limit, the rights he has under federal law—that argument has already been rejected by other courts that have addressed it. *See Roudebush v. Collecto, Inc*., 2004 WL 3316168, at *5 (S.D. Ind. Nov. 12, 2004); *Krieger*, *infra*. Under the FDCPA, a debt collector cannot contact debtors at work if the debt collector "knows or has reason to know" that the employer prohibits such contact. 15 U.S.C. §1692c(a)(3). The Massachusetts Disclosure goes further by granting the Massachusetts consumer the right to refuse calls at work for any reason—regardless of whether or not such contact is prohibited by the

9

employer. *See Roudebush*, 2004 WL 3316168, at *5 (explaining that the FDCPA "only protects those employees whose employers do not allow such calls" and the Massachusetts Disclosure grants additional rights to Massachusetts consumers not provided for in the FDCPA).[3] So Plaintiff's allegation that including the Massachusetts Disclosure misleads the unsophisticated consumer into thinking he has *fewer* rights than enjoyed under federal law is simply not true.

In order for the unsophisticated consumer to come to the conclusion that the Massachusetts Disclosure applies to residents of states other than Massachusetts, he would have to make a number of implausible and unreasonable inferences and conclusions—the very kind of idiosyncratic interpretation the standard is designed to guard against. *See Muha v. Encore Receivable Management, Inc.*, 558 F.3d 623, 629 (7th Cir. 2009) (explaining that "false, deceptive or misleading" under Sections 1692e and 1692f should be interpreted as language that is "confusing" to the reader and therefore has an intimidating effect); *Evory v. RJM Acquisitions Funding, L.L.C.*, 505 F.3d 769, 766 (7th Cir. 2007) (if "there [is] nothing deceptive-seeming about the communication the court would have to dismiss the case").

### III. Plaintiff Fails to Allege a Cognizable Claim Under Section 1692f.

Lastly, Plaintiff alleges that RMS violated Section 1692f of the FDCPA when, after being informed Plaintiff was represented by counsel, an RMS agent "disconnected the call." (Compl. ¶40.) Plaintiff implausibly alleges that RMS discontinued the call in order to "preserve its right to continue contacting Plaintiff directly," thereby "preventing [him] from

---

[3] And state laws that provide consumers additional protections beyond the FDCPA are not inconsistent with—and thus not preempted by—the FDCPA. 15 U.S.C. §1692n.

10

exercising his right to be represented by an attorney." (Compl. ¶¶41-42.) But there is no allegation that RMS had any further contact with Plaintiff at all, and thus the allegations as pleaded fully support that RMS did precisely what the FDCPA requires—cease further communication with the Plaintiff. The allegations simply do not support any inference or conclusion that Plaintiff was "prevented" from invoking any of the protections afforded by the FDCPA.

Section 1692c(a)(2) of the FDCPA provides that "a debt collector may not communicate with the consumer in connection with the collection of any debt . . . (2) if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address." But Plaintiff does not assert any violation of this Section. Rather, Plaintiff pleads that RMS fully complied with this provision because after he told RMS that he was represented by counsel, RMS ceased further communication with him. Certainly at that point, RMS both knew of the existence of counsel and could have readily ascertained such attorney's name and address. In other words, if RMS had continued to contact Plaintiff after Plaintiff told RMS he was represented by counsel, Plaintiff would likely have a claim under 1692c(a)(2) because at that point RMS surely could have "readily ascertained" such attorney's name and address. But no such claim exists because there was no further contact, so instead Plaintiff must go and invent a claim elsewhere. But Plaintiff's attempt to convert compliance with the "no further contact" provision into some kind of unfair collection practice, while creative, must fail. There is simply no allegation that Plaintiff did not actually enjoy the protection this very provision provides—the right not to be further contacted. Plaintiff's allegations are

11

thus illusory; he was not prevented from exercising any right and in fact exercised the very right the FDCPA affords. Plaintiff's claim must be dismissed.

## **CONCLUSION**

Courts are empowered to serve as effective gatekeepers in determining whether a significant proportion of the population would be misled by a collection letter. This is especially critical where, as here, the Plaintiff requests the Court to interpret a letter in a bizarre and idiosyncratic fashion. Here, because Plaintiff cannot establish that the letter would mislead or threaten a significant fraction of the population, Defendant The Receivable Management Services LLC respectfully requests that this Court grant its Motion to Dismiss Plaintiff's Complaint, with prejudice, and award it any further relief that the court deems just and necessary.

Respectfully submitted,

RECEIVABLE MANAGEMENT SERVICES LLC

By: */s/   Matthew O. Stromquist*
    One of its Attorneys

Matthew O. Stromquist
Pilgrim Christakis LLP
321 North Clark Street, 26th Floor
Chicago, Illinois 60654
Ph. (312) 379-8547
Fax (312) 939-0983

## **CERTIFICATE OF SERVICE**

Matthew O. Stromquist, an attorney, certifies that on August 27, 2018, he electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all electronic filing participants.

*/s/ Matthew O. Stromquist*